IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DUSTY YOUNG,<br><br>    Defendant. | Case No. 3:19-CR-30018-NJR-4 |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Now before the Court is Defendant Dusty Young's *pro se* Motion for Sentence Reduction. (Doc. 261). Young seeks a sentence reduction under 18 U.S.C. § 3582(c) and the United States Sentencing Guidelines Manual § 1B1.10, making Amendment 821 retroactive. He asserts that he received two criminal history status points for committing his offense while serving a term of parole in Missouri, which would now be reduced to only one point. Thus, his criminal history category and guideline sentencing range also would be reduced.

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has 7 or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives 1 status point. A defendant who has 6 or less criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. The changes apply retroactively.

As provided in Administrative Order 362, the Court directed the Federal Public

Defender to enter its appearance to determine whether Young may be eligible for relief. (Doc. 263). Assistant Federal Public Defender Ankoor Shah entered his appearance and subsequently filed a Motion to Withdraw, asserting that Young's motion lacks merit. (Docs. 264, 266). Young has not responded to the Motion to Withdraw.

On December 18, 2019, the Court sentenced Young to 244 months' imprisonment, for conspiracy to distribute and possess with intent to distribute controlled substances, below the guideline range of 262 to 327 months. (Docs. 137, 141). Young was categorized as a "career offender," which dictates a criminal history score of VI. *See* § 4B1.1(a)-(b). Young's ultimate offense level was 34 and his criminal history category was VI. While the recent guideline amendment reduces the status enhancement, Young's career offender designation remains the same. As such, Young's criminal history category remains VI. Even if Young were not deemed a career offender, however, the reduction in status points would decrease his criminal history points to 32, which does not decrease his criminal history category (13 or more falls within category VI). Thus, he is ineligible for a sentence reduction under Part A of Amendment 821.

For these reasons, the *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and Part A of Amendment 821 filed by Defendant Dusty Young (Doc. 261) is **DENIED**. The Motion to Withdraw filed by Assistant Federal Public Defender Ankoor Shah (Doc. 266) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  May 16, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**